FILED
United States Court of Appeals
Tenth Circuit

November 24, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JAMES CURTIS SATTERLEE,

Petitioner - Appellant,

v.

MIKE ADDISON, Warden, Joseph Harp
Correctional Center,

Respondent - Appellee.

No. 09-7069
(D. Ct. No. 6:06-CV-00473-RAW-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

James Curtis Satterlee, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal from the dismissal of his habeas petition brought under

28 U.S.C. § 2254.  We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Satterlee's

request for a COA, and DISMISS this appeal.

## I.  BACKGROUND

In July 2002, fourteen-year-old Thomas ("T.J.") Satterlee ran away from home.

When he was picked up by police three days later, T.J. told them that his father, Mr.

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Satterlee, had physically and sexually abused him. T.J. was placed in protective custody where he was interviewed by police and underwent a medical examination which revealed injuries consistent with long-term sexual abuse. Mr. Satterlee was arrested and charged in Oklahoma state court with instances of abuse which allegedly occurred on July 4, 2002.

The evidence introduced against Mr. Satterlee at trial included T.J.'s testimony, the testimony of the nurse who performed T.J.'s sexual abuse examination, and the testimony of family friends and acquaintances who described the relationship between T.J. and Mr. Satterlee. The State was also allowed to introduce and play for the jury an explicit homemade eight-millimeter videotape showing Mr. Satterlee and his wife Nancy Satterlee having sex. The State argued that the sexual acts depicted on the tape were similar to the acts T.J. alleged, such that they constituted Mr. Satterlee's "signature." The State admitted that beyond T.J.'s testimony and the videotape, "there was no other evidence that showed [Mr. Satterlee] had a propensity toward the various unconventional sexual acts he was accused of conducting with [T.J.]."

Mr. Satterlee was convicted by a jury in 2003 of one count of first-degree rape, three counts of forcible sodomy, one count of lewd molestation, and one count of rape by instrumentation. He was subsequently sentenced to twenty years' imprisonment for each offense, the sentences to be served consecutively. The Oklahoma Court of Criminal Appeals affirmed Mr. Satterlee's conviction on direct appeal. His application for state post-conviction relief was denied.

Mr. Satterlee then sought § 2254 relief, arguing that he received ineffective assistance of counsel at trial and on appeal. The district court adopted the magistrate's report and recommendation and denied Mr. Satterlee's habeas petition. In his application for COA, Mr. Satterlee contends that his trial and appellate counsel were constitutionally deficient "by failing to challenge the illegal seizure of the home-made video . . . as beyond the scope/language of the warrant," and that appellate counsel was ineffective by omitting the same claim from the ineffective assistance and cumulative error claims raised on direct appeal.

## II. DISCUSSION

A § 2254 petitioner may not appeal from a final order in a habeas proceeding without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The district court denied Mr. Satterlee's petition, holding that trial and appellate counsel were not ineffective for failing to seek the suppression of the homemade videotape because it fit the description in the warrant and was therefore properly seized. We do not believe reasonable jurists would find the district court's decision debatable or wrong. The Fourth Amendment protects persons from unreasonable searches and

seizures. U.S. Const. amend. IV. Generally, police are required to obtain a search warrant, which issues only on a showing of probable cause. *See id.*; *Ornelas v. United States*, 517 U.S. 690, 699 (1996) ("The Fourth Amendment demonstrates a strong preference for searches conducted pursuant to a warrant.") (quotations omitted). In addition to the requirement of probable cause, a search warrant must describe with particularity the items to be seized. U.S. Const. amend. IV. "The particularity requirement is satisfied when the description of an item to be searched for and seized pursuant to the warrant 'enables the searcher to reasonably ascertain and identify the things authorized to be seized.'" *United States v. Sells*, 463 F.3d 1148, 1154 (10th Cir. 2006) (quoting *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988)). Nevertheless, "'[e]ven a warrant that describes the items to be seized in broad or generic terms may be valid when the description is as specific as the circumstances and the nature of the activity under investigation permit.'" *Id.* (quoting *Leary*, 846 F.2d at 600).

The search warrant issued for Mr. Satterlee's home authorized the seizure of, among other things, "any evidence of video pornography used while molesting Thomas Satterlee." Mr. Satterlee contends that this description implicitly included the limitation that only items which were "commercial" and in VHS format could be seized. He bases this assertion on an interview given by T.J. on July 9, 2002. As the district court noted, however, the warrant was executed on July 8, 2002, and therefore was not reflective of such testimony. At the time police obtained and executed the warrant, they only knew that T.J. stated "his father starts watching pornographic movies" prior to the alleged

abuse. We therefore agree with the district court that "the warrant was as specific as the knowledge and circumstances at the time allowed."

Furthermore, we agree with the district court that the homemade videotape fit the description of items to be seized under the warrant. As addressed above, police were looking for "video pornography used while molesting Thomas Satterlee." The parties agree that Nancy Satterlee informed the officers of the videotape and described its content. The videotape contained a sexual movie which might have been used while molesting T.J., and therefore fell within the scope of the warrant. Because the warrant was as particular as allowed under the circumstances and the videotape seized was within the category of items described in the warrant, we agree with the district court's determination that neither trial counsel nor appellate counsel were ineffective in failing to raise this issue.

## III. CONCLUSION

For the foregoing reasons, we find that reasonable jurists could not debate whether the district court was correct to dismiss Mr. Satterlee's habeas petition. Accordingly, we DENY Mr. Satterlee's request for a COA and DISMISS this appeal. We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge


- 5 -